UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| JAMES COTTLE and FREDERICK SCHOENEMAN, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PLAID INC., a Delaware corporation,<br><br>Defendant. | Case No.: 4:20-cv-03056-DMR<br><br>ORDER CONSOLIDATING ACTIONS AND [~~PROPOSED~~] PRETRIAL ORDER NO. 1 ***AS MODIFIED*** |
| LOGAN MITCHELL, on behalf of himself and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PLAID INC., a Delaware corporation,<br><br>Defendant. | Case No. 3:20-cv-04230-SK |
| RACHEL CURTIS, ALEXA GROSSMAN, MALLORY GROSSMAN, STEVEN HANNIGAN, ALEXIS MULLEN, JORDAN SACKS, and NICHOLAS YEOMELAKIS, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PLAID INC., a Delaware corporation,<br><br>Defendant. | Case No. 4:20-cv-04344-DMR |

| | |
|---|---|
| CARRIE ANDERSON, BRIAN MCCRUDDEN, and JEFFREY SCHWEDOCK, on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>PLAID INC., a Delaware corporation,<br><br>Defendant. | Case No: 3:20-cv-04480-JSC |

This comes in front of the Court on the Parties' Stipulation to consolidate the above-captioned related actions and to appoint Interim Co-Lead Counsel and a Plaintiffs' Steering Committee. The Parties have stipulated and the Court now **HEREBY ORDERS:**

**I.      CONSOLIDATION**

1. Within one week of this Order ("Pre-Trial Order No. 1"), Plaintiffs, by and through their existing counsel of record, shall jointly file a Consolidated Amended Complaint in *Cottle v. Plaid*, No. 4:20-cv-03056-DMR (herein, the "Consolidated Action").

2. Upon the filing of the Consolidated Amended Complaint, the original complaints in the *Cottle*, *Mitchell v. Plaid Inc.*, No. 3:20-cv-04230-SK, *Curtis et al. v. Plaid Inc.*, No. 4:20-cv-04344-DMR, and *Anderson et al, v. Plaid Inc.*, No. 3:20-cv-04480-JSC will be superseded by the Consolidated Amended Complaint and will no longer have any force or effect. These Plaintiffs agree not to pursue these claims, or any substantially similar claims, in any action other than the Consolidated Action; however, this does not restrict any individual plaintiff from exercising his or her right to explicitly opt out of the class action to pursue an individual action.

3. Defendant shall answer or otherwise respond to the Consolidated Amended Complaint within 40 days of the date Plaintiffs file the Consolidated Amended Complaint.

4. Plaintiffs in the Consolidated Action shall file their opposition to any responsive motion filed by Plaid 60 days after Defendant has filed its response.

5. Defendant shall file any reply in support of any responsive motion 21 days after Plaintiffs' opposition is filed.

**II.     APPLICATION OF THIS ORDER TO SUBSEQUENTLY RELATED CASES**

6. Any and all cases subsequently related to and consolidated with this Consolidated Action shall be governed by Pretrial Order No. 1. Counsel for Plaintiffs in the Consolidated Action shall promptly furnish a copy of Pretrial Order No. 1 to counsel for the parties in any subsequently filed action against Plaid alleging substantially similar claims based upon substantially similar transactions and occurrences as those alleged in this Consolidated Action. The court will review aAny such subsequent case filed in, or transferred to, this District to

determine whether it should <u>shall</u> be related to and consolidated with this Consolidated Action under the standard set forth in Civil Local Rule 3-12 upon consent of the parties in such subsequent action to Magistrate jurisdiction.

### III. FILING AND SERVICE OF DOCUMENTS

7. All papers previously filed and served in any of the above-referenced actions are hereby deemed part of the record in *Cottle v. Plaid*, No. 4:20-cv-03056. All papers hereafter filed in the Consolidated Action shall bear the following Caption:

| IN RE PLAID INC. PRIVACY LITIGATION | Master Docket No. 4:20-cv-03056 |
|---|---|
| THIS DOCUMENT RELATES TO: | |

8. This case is subject to Electronic Case Filing ("ECF"), pursuant to General Order 45, Section VI, which requires that all documents in such a case be filed electronically. If counsel has not already done so, counsel shall register as an ECF user and be issued an ECF user ID and password. Forms and instructions can be found on the Court's website at ecf.cand.uscourts.gov.

9. All documents filed in the Consolidated Action, or any subsequently coordinated or related action, shall be e-filed in the master file in *Cottle v. Plaid*, No. 4:20-cv-03056. Papers that are filed electronically through the Court's ECF system are deemed served on all parties as of the date of filing.

### IV. PRESERVATION OF EVIDENCE

10. The parties in the Consolidated Action, or any subsequently coordinated or related action, shall take reasonable steps to preserve all documents, data, and tangible things containing information potentially relevant to the subject matter of this litigation. Fed. R. Civ. P. 37(e).

## V. ORGANIZATION OF PLAINTIFFS' COUNSEL

11. Pursuant to Federal Rule of Civil Procedure 23(g)(3), Interim Co-Lead Class Counsel ("Co-Lead Counsel") are Burns Charest, LLP; Herrera Purdy LLP; and Lieff Cabraser Heimann & Bernstein, LLP ("LCHB").

12. The Plaintiffs' Steering Committee ("PSC") are Nussbaum Law Group, P.C.; Reinhardt, Wendorf, & Blanchfield; Robins Kaplan, LLP; and Spector Roseman & Kodroff, PC.

13. Co-Lead Counsel shall be responsible for convening regular meetings of the PSC (and, if applicable and as needed, other Plaintiffs' counsel) to confer regarding the administration and prosecution of the Consolidated Action and subsequently coordinated or related actions.

14. Co-Lead Counsel shall have authority over the following matters on behalf of all Plaintiffs and the Proposed Class in the Consolidated Action:

   a. coordinating and managing all work to ensure the efficient and effective prosecution of the Consolidated Action on behalf of the Plaintiffs and proposed Classes;

   b. the initiation, response, scheduling, briefing, and argument of all motions;

   c. the scope, order, and conduct of all discovery proceedings;

   d. the retention and oversight of any expert witnesses or other consultants;

   e. making such work assignments as among themselves and any other Plaintiffs' counsel as they may deem appropriate;

   f. collecting time and expense reports from all Plaintiffs' counsel on a periodic basis;

   g. establishing and maintaining a cost fund in consultation with the Plaintiffs' Steering Committee, and collect and make payments to and from the cost fund for shared expenses;

   h. the designation of which Plaintiffs' attorneys shall appear at hearings and conferences with the Court;

   i. trial proceedings;

   j. post-trial proceedings;

   k. prosecuting or defending any appeal;

1       l.      settlement negotiations and agreements with Defendants or any future
2  defendants subject to Court approval;
3       m.      if there is a settlement, propose a plan of allocation; and
4       n.      all other matters concerning the prosecution of the Consolidated Action
5  and subsequently coordinated or related actions.
6     15.     The Plaintiffs' Steering Committee, upon direction from Co-Lead Counsel, shall
7  assist Co-Lead counsel in the execution of their duties.
8     16.     No motion or other pleading shall be filed on behalf of any Plaintiff in the
9  Consolidated Action except through Co-Lead Counsel.
10    17.     Defendant's counsel may rely on all agreements made with the Co-Lead Counsel,
11 and such agreements shall be binding on all other Plaintiffs.

**IT IS SO ORDERED.**

Dated: July 29, 2020

*[Seal: United States District Court, Northern District of California]*
*[Stamp: IT IS SO ORDERED AS MODIFIED — /s/ Judge Donna M. Ryu]*

_____
Hon. Donna M. Ryu
Federal Magistrate Judge